# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MARINES,<br><br>          Plaintiff,<br><br>    v.<br><br>POGUE, *et al.*,<br><br>          Defendants. | Case No.  1:25-cv-00030-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.  Background

Plaintiff Ruben Marines ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On July 9, 2025, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim under 42 U.S.C. § 1983. (ECF No. 7.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a

1

claim. (*Id.*) Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

## II. Failure to State a Claim

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed in Madera County Jail where the events in the complaint are alleged to have occurred. Plaintiff names as Defendants: (1) Tyson Pogue, (2) Sgt. Townsend, (3) Correctional Officer Sanchez, and (4) Madera County, a municipal corporation. The defendants are sued in their individual and official capacities.

Plaintiff alleges failure to protect, deliberate indifference, and conditions of confinement

in violation of the Fourteenth Amendment.  Plaintiff also alleges a state law claim for negligence.

Plaintiff alleges that Defendants Madera County and Tyson Pogue made a decision to use bunk beds because of overcrowding in the Madera County Jail.  However, these defendants failed to add any means for inmates to safely climb up to the top bunk.  Plaintiff alleges that in the absence of a means to safely climb, he would use a chair in his dorm to stand on to climb up into his bed to prevent from falling.

On 11/29/24, Defendant Sanchez came to Plaintiff's dorm and ordered Plaintiff's dormmates to take the chairs out of the dorm which houses the bunk beds.  Defendant Sanchez was told by a number of dormmates that the chair was the only means of safely climbing onto the top bunk, because there was no ladder.  Defendant Sanchez disregarded the inmates' facts regarding safety and said, "tuff shit."  Defendant Sanchez reported that he received an email from his supervisor, Defendant Sgt. Townsend, to remove the chairs from all dorms.

On 11/30/24, during the a.m. med-pass, and after using the restroom, Plaintiff tried to climb back onto the top bunk and slipped and fell hitting the metal stool, hurting his knee/legs/hip and back before hitting the cement floor.  Plaintiff fell in front of Defendant Sanchez, who quickly looked past Plaintiff hitting the metal stool and was laying on the cement floor in pain.  Plaintiff was lucky that the nurse witnessed Plaintiff fall to the floor and pointed it out to Sanchez.

Plaintiff alleges that Sgt. Townsend abused power to make an independent deliberate decision to remove the chairs used to climb up onto the top bunk.  No other supervisor enforces these kinds of orders during their shifts.  Because of Defendant Sgt. Townsend's orders to remove Plaintiff's only safe means to climb up into his top bunk, Plaintiff fell trying to make the jump causing Plaintiff to injure himself.

Defendants Madera County, Tyson Pogue, Sgt Townsend and correctional officer Sanchez disregarded Plaintiff's safety because not only did Defendants Madera County and Tyson Pogue fail to ensure top bunks had a means to safely climb into the bed, but also Defendants Sgt. Townsend and correctional officer Sanchez disregarded Plaintiff's safety by taking his only safe means to climb into the bed after being told of the unsafe condition.

1  Madera County is a municipal corporation and is the employer of the defendants. Madera
2  County had a policy to use bunk beds in the Madera County Jail because of overcrowding. It is
3  Madera County's responsibility to add a means for inmates to climb up to the top bunk safely, but
4  failed to take such measure to ensure safe means to climb, this decision was the moving force that
5  caused Plaintiff's injuries. Madera County disregarded his safety and it should be held
6  accountable for deliberate indifference under the Fourteenth Amendment.

7  Tyson Pogue knowingly failed in his responsibility to take reasonable measures to protect
8  Plaintiff from suffering injuries. The deprivation described was objectively sufficiently serious
9  and Tyson Pogue was subjectively deliberately indifferent to Plaintiff's health and safety. He
10 knew that the use of bunk beds without safe means to climb would subject inmates under his
11 authority to risks and he disregarded taking measures to ensure safety of his prisoners were met,
12 which created an excessive risk to Plaintiff's health and safety. He is responsible for the
13 harassment/humiliation/psychological distress/pain/suffering and violation of Plaintiff's
14 Fourteenth Amendment rights.

15 Plaintiff alleges supervisory liability exists against Defendants Madera County, Tyson
16 Pogue, and Sgt. Townsend because of their personally participating in and directing the violation
17 or that they knew of the violations and failed to act to prevent them. Defendant Madera County
18 implemented a policy so deficient that allowed Defendant Tyson Pogue to use bunk beds without
19 means to climb and is the moving force of the constitutional violation. The failures of Madera
20 County and Tyson Pogue created an excessive risk to Plaintiff's safety and created the culture of
21 allowing supervisors to abuse their authority by Sgt. Townsend taking the available means to
22 climb into the top bunks. On 11/30/24, Sgt. Townsend was responsible for the operations and his
23 order, after telling officials that taking the available means was going to raise a safety risk, did
24 cause Plaintiff's injuries.

25 Plaintiff seeks compensatory and punitive damages.

26 **C. Discussion**

27 Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to
28 state a cognizable claim under 42 U.S.C. § 1983.

### 1. Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened. For instance, general assertions regarding supervisory liability are not sufficient, and Plaintiff may not merely state he was denied rights without stating the factual support for denial of those rights. Plaintiff must state factual allegations to support his claims.

### 2. Supervisor Liability

Insofar as Plaintiff is attempting to sue Defendants Tyson Pogue, Sgt. Townsend, or any other defendant, based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented

"a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must...demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff seeks to impose supervisor liability merely because Tyson Pogue and Sgt. Townsend are the supervisors. Section 1983 does not permit such supervisor liability. Conclusory allegations that a supervisor promulgated unconstitutional policies and procedures which authorized their subordinates' unconstitutional conduct are speculative and do not suffice to state a claim of supervisory liability. *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018).

Plaintiff has not alleged factual support that any supervisor, participated in or directed any constitutional violation or that he "implemented a policy so deficient that it was the moving force of any constitutional violation. Plaintiff alleges that these defendants implemented the policy of permitting bunk beds and permitting bunk beds without a safe means of access to the top bunk, and that Sgt Townsend directed removal of chairs. First, Plaintiff fails to allege any facts that permitting use of bunk beds is a policy so deficient that it is a constitutional violation. Second, as discussed below, permitting bunk beds without a safe means of access to the top bunk is not a violation of constitutional rights.

**3. Official Capacity**

Plaintiff has sued each of the defendants in their official capacities. A suit against a public

employee in his official capacity is equivalent to a claim against the employer, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department*, 533 F.3d 780, 799 (9th Cir. 2008), cert. denied, 555 U.S. 1098 (2009). It appears the employer of the defendants is Madera County.  To the extent that plaintiff is purporting to state a federal civil rights claim against individual defendants in their "official capacity," his claims are against Madera County.

The Supreme Court held in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) ("under § 1983, local governments are responsible only for their own illegal acts" (emphasis in original, internal quotation marks omitted)). In order to state a claim arising from the execution of a local entity's policy or custom, plaintiff must set forth factual allegations to show that the execution of a specific policy, ordinance, regulation, custom or the like was the "actionable cause" of any alleged constitutional violation. *See*, *e.g*., *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but-for and proximate causation"). Further, a *Monell* claim may not be premised on an isolated or sporadic incident. See, e.g., *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), overruled on other grounds*, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc).

To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted).

Plaintiff has not identified an existing, unconstitutional policy. Using bunk beds within a jail is not unconstitutional and failing to provide chair to climb into the top bunk is not unconstitutional. Further, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

### 4. Failure to Protect and/or Conditions of Confinement

Plaintiff was a pretrial detainee at the county jail when the incident giving rise to his complaint occurred. Therefore, Plaintiff's rights as a pretrial detainee, as opposed to a convicted prisoner, arise under the Fourteenth Amendment instead of the Eighth Amendment; however, the standard of review is largely the same. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc) (under both the Eighth and Fourteenth Amendments, the plaintiff must show that the defendants acted with deliberate indifference).

The Ninth Circuit has analyzed such conditions of confinement or failure to protect claims under an objective deliberate indifference standard. *See Castro*, 833 F.3d at 1071 (adopting objective deliberate indifference standard based on *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to evaluate failure to protect claim brought by pretrial detainee). That standard demands that: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk

8

1   involved—making the consequences of the defendant's conduct obvious; and (4) by not taking
2   such measures, the defendant caused the plaintiff's injuries. *Castro*, 833 F.3d at 1071. With
3   respect to the third element, the defendant's conduct must be "objectively unreasonable." *Id.*
4   (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

    Plaintiff alleges that by failing to provide a chair or other safe measure to access the upper bunk, defendants were deliberately indifferent to a serious risk that he would fall and injure himself. However, "[c]ourts throughout the Ninth Circuit as well as federal courts in other circuits have consistently held that a ladderless bunk bed in and of itself does not rise to the level of cruel and unusual punishment in violation of the Eighth Amendment." *Thornberry v. Schultz*, No. 2:25-CV-0733 CSK P, 2025 WL 973513, at *3 (E.D. Cal. Apr. 1, 2025); *see also Bridgewater v. Cate*, 2013 WL 4051626, at *2 (E.D. Cal. Aug. 9, 2013) (recommending dismissal of ladderless bunk bed claim asserted against warden and secretary of corrections, and dismissal of different claim against different defendant based on exhaustion grounds), findings and recommendations adopted in part, rejected in part, 2013 WL 6564278 (E.D. Cal. Dec. 13, 2013) (adopting findings regarding ladderless bunk bed claim, but rejecting failure to exhaust finding on different claim). Plaintiff's claim is similar to the prisoner's claim in *Millsap v. Cate*, 2012 WL 1037949 (E.D. Cal. Mar. 27, 2012). In *Millsap*, the prisoner alleged he tried to access the upper bunk by standing on a stool which collapsed and caused him to fall, arguing that the cell design posed a substantial risk of serious harm known to defendants. *Id.* at *1. The assigned magistrate judge recommended denying the defendants' motion to dismiss, but the district court disagreed, noting that "[m]ultiple district courts in the Ninth Circuit have held that the failure of prison officials to equip prison cells with a ladder or some other 'safety apparatus' to assist inmates in ascending to and descending from bunk beds does not amount to the deprivation of 'a minimally civilized measure of life's necessities.' " *Id.* at *4. The district court also noted that "[f]ederal courts in other circuits also 'universally espouse the view that a ladderless bunk is not a sufficiently unsafe living condition warranting Eighth Amendment protection.' " *Id*. (quoting *Jenkins v. Fischer*, 2010 WL 6230517 at *5 (N.D.N.Y. Sept. 8, 2010)).

    Indeed, the allegations of falling from the bunk are akin to slip and fall allegations.

Federal courts have repeatedly rejected Eighth Amendment slip and fall claims. *See Oubichon v. Carey*, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing *Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases); *Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.")); *see also Collier v. Garcia*, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing § 1983 claim alleging prisoner slipped and fell in his cell in a puddle of water from a leaking chase); *see Wilson v. Tuolumne Cnty.*, No. 1:19-CV-1132 BAM PC, 2021 WL 1105359, at *5 (E.D. Cal. Mar. 23, 2021), report and recommendation adopted, No. 1:19-CV-1132 NONE BAM, 2021 WL 4033270 (E.D. Cal. Sept. 3, 2021) (Plaintiff's conclusory allegations about a slippery floor fail to state a cognizable claim against any named defendant).

### 5. State Law Claims

Plaintiff has failed to allege compliance with the Government Claims Act ("Act"). California's Government Claims Act requires that a claim against public entity or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). Plaintiff has not done so here.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their

dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Discussion**

Here, Plaintiff's first amended complaint is overdue, and he had failed to comply the with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's July 9, 2025 screening order

1  expressly warned Plaintiff that his failure to file an amended complaint would result in a
2  recommendation of dismissal of this action, with prejudice, for failure to obey a court order
3  and for failure to state a claim.  (ECF No. 7.)  Thus, Plaintiff had adequate warning that dismissal
4  could result from his noncompliance.

5      Additionally, at this stage in the proceedings there is little available to the Court that
6  would constitute a satisfactory lesser sanction while protecting the Court from further
7  unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in
8  this action, it appears that monetary sanctions will be of little use and the preclusion of evidence
9  or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

10     **IV.    Conclusion and Recommendation**

11     Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
12 District Judge to this action.

13     Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY
14 RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim
15 pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to
16 prosecute this action.

17
18     \*\*\*
19

20     These Findings and Recommendation will be submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**
22 **(14) days** after being served with these Findings and Recommendation, the parties may file
23 written objections with the Court.  The document should be captioned "Objections to Magistrate
24 Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages**
25 **or include exhibits.  Exhibits may be referenced by document and page number if already in**
26 **the record before the Court.  Any pages filed in excess of the 15-page limit may not be**
27 **considered.**  The parties are advised that failure to file objections within the specified time may
28 result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 25, 2025**         /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE