UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MARINES,<br><br>            Plaintiff,<br><br>     v.<br><br>TYSON POGUE, et al.,<br><br>            Defendants. | Case No.: 1:25-cv-0030 JLT BAM<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 9) |

  Ruben Marines seeks to hold the defendants liable for violations of his civil rights and negligence while housed as a pretrial detainee at the Madera County Jail. (*See generally* Doc. 1.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found he failed to state a cognizable claim for failure to protect and/or conditions of confinement, and he did not allege facts sufficient to invoke supervisor liability. (Doc. 7 at 5-6, 8-10.) The magistrate judge also found Plaintiff failed to allege compliance California's Government Claims Act, as required to proceed on the negligence raised. (*Id.* at 10.) The Court granted Plaintiff leave to amend and warned him that failure to do so would result in a recommendation that the action be dismissed. (*Id.* at 10-11.)

  After Plaintiff failed to file an amended complaint, the magistrate judge issued Findings and Recommendations, recommending dismissal. (Doc. 9.) The magistrate judge reiterated the findings in the Screening Order that Plaintiff failed to state a cognizable claim under federal law, and did not

comply with the Government Claims Act to as required for his claims under state law. (*Id.* at 2-10.) The magistrate judge also found Plaintiff failed to prosecute this action and failed to obey the Court's order. (*Id.* at 10.) The magistrate judge found terminating sanctions were appropriate after considering the factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). (*Id.* at 11-12.) Thus, the magistrate judge recommended dismissal "with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action." (*Id.* at 12.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days. (Doc. 9 at 12.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations related to Plaintiff's failure to state a claim under federal law, failure to prosecute, and failure to obey a Court's order are supported by the record and proper analysis. However, the Court notes the magistrate judge also initially determined that Plaintiff failed to comply with the Government Claims Act. The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. *See* 28 U.S.C. § 1367(c)(3). Moreover, a plaintiff's failure to file a claim under the Act deprives this Court of jurisdiction to hear those claims. *See Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1224-25 (E.D. Cal. 2009). Because the Court lacks subject matter jurisdiction over the state negligence claims, the claims must be dismissed without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("dismissal for lack of subject matter jurisdiction is without prejudice"); *Les Shockley Racing v. Nat'l Hot Rod Assoc.*, 884 F.2d 504, 509 (9th Cir. 1989) ("When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice"). Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 25, 2025 (Doc. 9) are **ADOPTED** in part.

2. Plaintiff's Section 1983 claims against are **DISMISSED** with prejudice for failure to state a claim, failure to prosecute, and failure to comply with the Court's order.

3. Plaintiff's negligence claims arising under state law are **DISMISSED** without prejudice for lack of jurisdiction.

4. The Clerk of Court is directed to close this case

IT IS SO ORDERED.

Dated: **September 20, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE